**No. 58978.**—Caron Spinning Co. et al. *v.* United States, protests 191674–K, etc. (New York).

Opinion by WILSON, J. It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159, which was issued following *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492). In that case, it was held that the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "T. D. 53159 Clean Content" in the schedule attached to and made a part of the decision in this case.

**No. 58979.**—Caron Spinning Company *v.* United States, protest 239001–K (New York).

Opinion by WILSON, J. It was stipulated that for duty purposes the clean content of the wool in question was determined in accordance with the instructions contained in T. D. 53159, which was issued following *United States* v. *Fred Whitaker Company, Inc.* (40 C. C. P. A. 19, C. A. D. 492). In that case, it was held that the statutory language, clean content of wool, as used in paragraph 1102 (b), was construed to mean the product commercially usable as wool and from which all the weight of grease and foreign material has been removed, including the wool fibers which are unavoidably and irrevocably lost as a result of commercially applied cleaning processes. Accordingly, the wool in question was held dutiable at the rate applied by the collector on the basis of the percentages of clean content as set forth in the column headed "T. D. 53159 Clean Content per cent" in the schedule attached to and made a part of the decision in this case.

**No. 58980.**—F. L. Kraemer & Co. *v.* United States, protests 243555–K, etc. (New York).

Opinion by WILSON, J. The motion to dismiss was granted.

BEFORE THE THIRD DIVISION, APRIL 20, 1955

**No. 58981.**—Imported Merchandise Company *v.* United States, protest 224257–K (New York).

EKWALL, Judge: This case involves an importation of willow baskets entered at the port of New York. Plaintiff does not dispute the rate of duty assessed thereon but claims that the invoice was carelessly prepared by the shipper in that